## AFFIDAVIT

Affiant, Shaun Stanton, having been duly sworn according to law, deposes and states: Affiant is an employee of the Bedford Police Department, currently sworn and assigned as a Task Force Officer (TFO) with the Federal Bureau of Investigation Cartel, Gang, Narcotics, and Laundering (CGNL) Task Force, within the meaning of Section 878(a) of Title 21, United States Code, that is an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code and Title 21, United States Code. Affiant is a Detective with the Bedford Police Department and has been so employed since 2016. Affiant is also assigned to the Southeast Area Law Enforcement (SEALE) Task Force in Cuyahoga County, Ohio and has previously been a police officer at the Athens-Clarke County Police Department, Athens, Georgia.

## TRAINING AND EXPERIENCE

1. Affiant has received specialized training regarding the identification of narcotic controlled substances and the operation of drug trafficking organizations. Affiant has written and executed search warrants which have resulted in the seizure of illegal drugs and evidence of drug violations. Affiant has supervised the activities of informants who have provided information and assistance in the prosecution of drug offenders. Based upon the above experience, Affiant is familiar with the modus operandi of persons involved in illicit distribution of controlled substances as well as the terminology used by persons involved in the illicit distribution of controlled substances. Affiant is aware that persons involved in the illicit distribution of controlled substances often attempt to conceal their identities as well as the locations at which drug transactions occur and where drugs and drug records are stored. These individuals are also known to have vehicles, properties, utilities, and other items purchased in the names of others in order to conceal the association of drug activities with financial transactions. Affiant knows that drug traffickers often place assets in the names of spouses and relatives in order to avoid detection and to help shield the assets from seizure and forfeiture by law enforcement authorities. Affiant knows that individuals engaged in organized drug distribution and sales maintain

extensive contact with persons from whom they receive drugs and with whom they distribute these drugs.  Maintaining extensive contact with suppliers, customers and associates requires that drug traffickers have continuous access to telephone and internet communications, including cellular telephones (traditional and pre-paid).  Affiant also knows that drug traffickers are increasingly using cellular phones with the ability to send text messages, pictures, video and other electronic forms of communication.  Through investigation and training, Affiant has become familiar with the types and amounts of profits made by drug traffickers and the methods, language, and terms which are used to disguise the source and nature of the profits from their illegal drug sales.

      2.      Affiant is aware that drug traffickers often maintain on hand large amounts of U.S. currency in order to maintain and finance their ongoing narcotics activities and other businesses as well as for paying bills, acquiring assets, and making other purchases.  Affiant is aware that it is common for drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences, the residences of their associates, and residences of family members for ready access and to conceal them from law enforcement authorities.

      3.      Affiant is aware that persons engaged in drug trafficking conceal in their residences and/or other premises they control large amounts of currency, financial instruments, precious metals and gems, jewelry, and other items of value and/or proceeds of drug transactions.  Drug traffickers also use bank safety deposit boxes to store and to safeguard assets derived from drug trafficking activity, to include currency and other valuables.  To help avoid detection, such safety deposit boxes are often obtained in the name of third parties who agree to open and to access the boxes on behalf of the drug trafficker.

      4.      Affiant is aware that persons engaged in drug trafficking conceal in their residences and/or other properties under their control where drug trafficking activity is conducted: drugs, scales, blenders, baggies, cutting agents, large amounts of cash, money

counters, and other items used in preparing, packaging, selling, and transporting narcotics. To protect drugs and/or proceeds from the sale of drugs, drug traffickers commonly maintain firearms and ammunition at their places of residence and/or other locations under their control where drugs or drug monies are stored.

5. Affiant is aware that individuals involved in narcotics trafficking often maintain records linking them to their trafficking activity and their drug trafficking associates. These records may include both physical and electronic notes, records or ledgers of narcotics sales, debts owed, past or future shipments, and other records, including telephone records, which identify customers and/or other co-conspirators. Drug traffickers also commonly maintain at their places of residence and/or other properties they control photographs of associates, controlled substances, firearms, currency and other assets, which serve to memorialize the drug traffickers' activities and perceived accomplishments. Drug traffickers also maintain at their place of residence financial records relating to assets acquired through drug trafficking activity, to include purchase records, bank records and safety deposit box records. Affiant is aware that the courts have recognized that unexplained wealth is probative evidence of crimes motivated by greed, in particular, trafficking in controlled substances.

6. Affiant makes this affidavit in support of warrants authorizing the search of the property described in Section II, below, and a seizure of the items described in Section III, below. This affidavit does not contain each and every piece of information known to Affiant and other investigators, but rather only information sufficient to establish probable cause to support the requested warrants.

## EVIDENCE ESTABLISHING PROBABLE CAUSE

## FIRST CONTROLLED BUY WITH JASHUB COROTHERS AND DARYL HARRIS

7. Affiant states that in October 2023, SEALE Narcotics Task Force Detectives were advised by a confidential reliable informant (CRI) about a black male that went by the name of "Santana" selling heroin/fentanyl, crack cocaine, pills, and other narcotics in the Cuyahoga

County area. The CRI stated the male operated a silver or gray SUV, was in his late 30s, and used the phone number 216 710 2056.

8.  Affiant states that in the week of October 30th, 2023, detectives met with the CRI in an attempt to make a controlled purchase heroin/fentanyl from the male known as "Santana," later discovered to be DARYL HARRIS. Detectives searched the CRI and found the CRI to be free of drugs, weapons, and any other contraband. In the presence of detectives, the CRI contacted HARRIS at 216 710 2056 to purchase suspected heroin/fentanyl. HARRIS agreed to the sell the CRI suspected heroin/fentanyl, and a buy location was established. Detective Griffis followed the CRI to the buy location while Bedford PD Detectives Stask and Lang were also in the area of the buy location and observed the drug sale. Eventually, HARRIS arrived as a passenger in Ohio registration KEB9697 - a silver VW sedan. JASHUB COROTHERS was later identified as the vehicle owner and operator during this controlled buy. The CRI met with HARRIS at the passenger-side window of COROTHERS' vehicle and provided him with the pre-recorded police buy money. In exchange, HARRIS sold the CRI an amount of suspected heroin/fentanyl. The CRI then departed the buy location. Immediately thereafter, the CRI met with Detective Griffis and turned over the purchased narcotics. Detectives searched the CRI again and the CRI to be free of drugs, weapons, and contraband. The purchased narcotics were field-tested and detectives obtained a positive result for presence of fentanyl. The CRI was under constant surveillance from the initial contact with HARRIS until turning over the purchased narcotics to Detectives.

## SECOND CONTROLLED BUY WITH HARRIS

9.  Affiant states that in the week of November 6, 2023, SEALE Detectives met with this CRI in an attempt to make a second controlled purchase of narcotics from HARRIS. Detectives searched the CRI and found the CRI to be free of drugs, weapons, and any other contraband. In the presence of detectives, the CRI contacted HARRIS at 216 710 2056 to

purchase suspected heroin/fentanyl. The male agreed to the sell the CRI suspected heroin/fentanyl and a buy location was established between the CRI and the male. Detective Stanton followed the CRI to the buy location while Detective Griffis was in the area of the buy location to observe the drug sale. HARRIS arrived operating a silver Ford SUV bearing Ohio registration R486912. The CRI met with HARRIS by entering the passenger side of his vehicle and provided him with the pre-recorded police buy money. In exchange, he sold the CRI an amount of suspected heroin/fentanyl. CRI then departed the buy location. Immediately thereafter, the CRI met with Detective Stanton and turned over the purchased narcotics. Detectives searched the CRI again and the CRI to be free of drugs, weapons, and contraband. The purchased narcotics were field-tested and detectives obtained a positive result for presence of fentanyl. The CRI was under constant surveillance from the initial contact with HARRIS until turning over the purchased narcotics to Detectives.

### THIRD CONTROLLED BUY FROM HARRIS

10. Affiant states that in the week of November 27, 2023, SEALE Detectives met with this CRI to conduct a third controlled buy of heroin/fentanyl from HARRIS. Detectives searched the CRI and found the CRI to be free of drugs, weapons, and any other contraband. In the presence of detectives, the CRI contacted HARRIS at 216 710 2056 to purchase suspected heroin/fentanyl. HARRIS agreed to the sell the CRI suspected heroin/fentanyl and a buy location was established between the CRI and the male. Detective Stanton followed the CRI to the buy location while Detective Griffis was in the area of HARRIS's residence at 4399 East 141st Street, Cleveland, (Cuyahoga) Ohio 44128. After making the call to HARRIS, Detective Griffis observed HARRIS exit out of the side door of 4399 East 141st Street, Cleveland, (Cuyahoga) Ohio 44128 and enter into the silver Ford SUV bearing Ohio registration R486912. Detectives Griffis followed HARRIS directly to the buy location where the CRI met with HARRIS by

entering the passenger side of his vehicle and provided him with the pre-recorded police buy money. In exchange, he sold the CRI an amount of suspected heroin/fentanyl. HARRIS and the CRI then departed the buy location. Immediately thereafter, the CRI met with Detective Stanton and turned over the purchased narcotics. Detectives searched the CRI again and the CRI to be free of drugs, weapons, and contraband. The purchased narcotics were field-tested and detectives obtained a positive result for presence of fentanyl. The CRI was under constant surveillance from the initial contact with HARRIS until turning over the purchased narcotics to Detectives.

11. Affiant states that based on the above evidence, as well as other evidence not identified in this affidavit, Cleveland, Ohio 44128, Detective Stanton prepared search warrants for the residence and the above-mentioned Ford SUV bearing Ohio registration R486912. The warrants and affidavits were reviewed and signed by Cuyahoga County Judge David Matia on November 29, 2023.

## EXECUTION OF SEARCH WARRANT

12. Affiant states that on November 30, 2023, Detectives Stanton and Griffis, in conjunction with members of SEALE SWAT, the FBI, and supporting detectives, executed the search warrant on the residence at 4399 East 141st Street, Cleveland, Ohio 44128. HARRIS was located in his vehicle in a driveway north of the residence. Upon seeing detectives, HARRIS fled at a high-rate of speed in the above Ford SUV bearing Ohio registration R486912 from the location of the search warrant and was not apprehended. Upon entry into the residence, JASHUB COROTHERS, who was inside, fled from entering officers and hid underneath the house where he was eventually located and taken into custody. Upon securing COROTHERS, a search of the residence revealed that COROTHERS lived and received mail at the residence. In addition, the following was discovered throughout the residence:

    a. A loaded Springfield XD9, 9mm handgun located on the kitchen table

    b. Approximately 320 grams of suspected fentanyl located in multiple bags in kitchen drawers / cabinets

c. Approximately 160 grams of crack and/or cocaine located in the multiple bags in kitchen drawers / cabinets

d. A loaded Mossberg 715P, .22 caliber handgun located in the kitchen

e. An operable digital scale, 4 cellphones, and paperwork to COROTHERS

f. Suspected fentanyl pills located in the kitchen on the table

g. A Glock handgun box with 2 loaded .45 caliber magazine in the living room

h. Approximately 8 pounds of suspected marijuana located in the kitchen

i. A laptop, hard drive, 2 phones, and a tablet (with DARYL HARRIS's photo on the lock screen) located on the kitchen table

j. A blender, Pyrex measuring cup, and utensils with a powder residue located in the kitchen

k. $490 in cash located in the living room and SE bedroom

l. Ammunition and various cards located in the living room in COROTHERS wallet

m. Unknown pills located in the SE bedroom

n. 3 cellphones, ammunition, a loaded magazine, and paperwork located in the SE bedroom

o. Narcotics packaging, a laptop, and paperwork to COROTHERS located in the NE bedroom

p. Approximately 10 pounds of suspected marijuana located in the NE bedroom

q. Approximately 1 kilogram of cocaine and ½ kilogram of an unknown powder located in the NE bedroom (detectives obtained a positive field-test for cocaine for the sealed kilogram)

### CONCLUSION

13. Based on the foregoing, your Affiant believes that there is probable cause to believe that DARYL HARRIS and JASHUB COROTHERS committed the violations of: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in

violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B) and (b)(1)(C), and Distribution of a Controlled Substance (and aiding and abetting the same), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

Respectfully submitted,

_____
Shaun Stanton
Task Force Officer
Federal Bureau of Investigation

Sworn to this 1st day of December 2023, via telephone
after submission by reliable electronic means.
Fed. R. Crim. P. 4.1 and 41(d)(3).

James E. Grimes Jr., United States Magistrate Judge